IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHARLIE BELL BULLOCK,**

    Petitioner,

v.       Civil Action No. **3:25CV194**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

## MEMORANDUM OPINION

Charlie Bell Bullock, a Virginia inmate proceeding *pro se*, submitted a document entitled "28 U.S.C. § 1331," apparently attempting to challenge to his convictions in the Circuit Court for the City of Richmond ("Circuit Court"). (ECF No. 1, at 1.)[1] By Memorandum Opinion and Order entered on May 20, 2020, the Court previously denied a 28 U.S.C. § 2254 petition challenging the same convictions in the Circuit Court of malicious wounding, use of a firearm in the commission of malicious wounding, second offenses, and possession of a firearm by a convicted felon. *Bullock v. Clark*, No. 3:19CV774, 2020 WL 2558232, at *1–2 (E.D. Va. May 20, 2020).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the

---

[1] Bullock labels himself a defendant and the Commonwealth of Virginia a plaintiff. Because this matter is truly a successive 28 U.S.C. § 2254 petition, however, the Court corrects the docket to reflect that Bullock is the Petitioner and the Commonwealth of Virginia is the Respondent.

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Bullock cannot avoid that result by simply not referring to 28 U.S.C. § 2254 in his submission. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasizing that inmates may not circumvent the limitations on successive petitions simply by inventive labeling); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

Bullock's current motion arguing that his trial was unfair because the alleged victim refused to testify which violated the confrontation clause and his due process rights (ECF No. 1, at 1–2), falls squarely within the ambit of 28 U.S.C. § 2254(a). *See Smith v. Virginia*, Nos. 3:12CV148 (REP), 3:15CV182, 2015 WL 1401677, at *1 (E.D. Va. Mar. 25, 2015) (explaining that a motion is "a successive 'habeas corpus application' if it 'seeks vindication' of a 'claim' for relief from the criminal judgment, regardless of the title on the motion" (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005))).

The Court has not received authorization from the Fourth Circuit to file a successive § 2254 petition. The action, therefore, will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 7 April 2025
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
Senior United States District Judge